**Corey J. Rippee, ISB No. 6803**
crippee@eberle.com
**Bradley D. VandenDries, ISB No. 9579**
bvandendries@eberle.com
**EBERLE, BERLIN, KADING, TURNBOW
& McKLVEEN, CHARTERED**
1111 West Jefferson Street, Suite 530
P. O. Box 1368
Boise, ID  83701
Telephone:	(208) 344-8535
Facsimile:	(208) 344-8542

*Attorneys for Plaintiffs All Source Distribution, LLC
 and TRAI, LLC*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALL SOURCE DISTRIBUTION, LLC, an Idaho limited liability company, TRAI, LLC, an Idaho limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>A73X, LLC, an Idaho limited liability company,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT** |

COME NOW the Plaintiffs, ALL SOURCE DISTRIBUTION, LLC, an Idaho limited liability company, and TRAI, LLC, an Idaho limited liability company, by and through their counsel of record, Eberle, Berlin, Kading, Turnbow & McKlveen, Chartered, and for their Complaint against Defendant A73X, LLC, an Idaho limited liability company, plead and aver as follows:

## I. PARTIES

1.	Plaintiff ALL SOURCE DISTRIBUTION, LLC ("ALL SOURCE"), is an Idaho limited liability company with its principal place of business in Ada County, Idaho.

2.	Plaintiff TRAI, LLC ("TRAI"), is an Idaho limited liability company with its

**COMPLAINT - 1**
30067-2/00646447.000

principal place of business in Ada County, Idaho.

3. Defendant A73X, LLC ("A73X"), is an Idaho limited liability company with its principal place of business in Ada County, Idaho.

## II. VENUE AND JURISDICTION

4. This Court has subject matter jurisdiction over this action pursuant to and by virtue of, 28 U.S.C. § 1331, 28 U.S.C. § 1337, 28 U.S.C. § 1338, and other applicable laws and rules.

5. This Court has personal jurisdiction over A73X, and Venue is proper in this Court, pursuant to and by virtue of 28 U.S.C. § 1391, as A73X, LLC is a resident of the State of Idaho.

## III. GENERAL ALLEGATIONS

6. Plaintiffs ALL SOURCE and TRAI (collectively "Plaintiffs") are engaged in the business of selling adhesive products, particularly duct tape and masking tape products.

7. Plaintiffs source their adhesive products from overseas and retail the adhesive products domestically in the United States.

8. Plaintiffs, through one of their managers and/or members, Tyson Baker, developed the brand/trademark "STIKK" in September 2016 for Plaintiffs' exclusive use in marketing and sale of Plaintiffs' adhesive products, "STIKK" tape.

9. ALL SOURCE's first use of the "STIKK" trademark in Idaho occurred on October 12, 2016.

10. ALL SOURCE's first use of the "STIKK" trademark anywhere also occurred on October 12, 2016.

11. ALL SOURCE registered the internet domain name "stikktape.com" on or about October 25, 2016, through a domain registering service located in Scottsdale, Arizona.

12. On or about October 2016, ALL SOURCE entered into an agreement whereby A73X would import adhesive products from overseas for ALL SOURCE to retail domestically in the United States.

13. On or about November 2016, ALL SOURCE's first order of adhesive products bearing the "STIKK" trademark arrived in Boise, Idaho.

14. ALL SOURCE sold its adhesive products bearing the "STIKK" brand/trademark on Amazon.com at least by November 29, 2016.

15. Since November 2016, ALL SOURCE has continuously sold adhesive products bearing the "STIKK" brand/trademark.

16. Since January 2017, TRAI has continuously sold adhesive products bearing the "STIKK" brand/trademark.

17. At all times material hereto, A73X was only an importer of Plaintiffs' adhesive products. A73X holds no business, ownership, or other interest in ALL SOURCE, TRAI, or the "STIKK" trademark and/or brand.

18. On or about February 2017, TRAI entered into an agreement whereby A73X would import adhesive products from overseas for TRAI to retail domestically in the United States (the "TRAI Import Agreement").

19. Pursuant to the terms of the TRAI Import Agreement, TRAI paid a percentage of overseas shipping costs upfront, and the remaining cost was to be trued-up when the adhesive products were delivered.

20. Upon information and belief, TRAI overpaid A73X for overseas shipping costs.

21. Beginning in March 2017, and continuing to the present time, TRAI requested documentation verifying the overseas shipping costs charged to TRAI under the TRAI Import Agreement.

22. A73X has continually refused TRAI's requests for overseas shipping cost verification. A73X has continually refused to supply TRAI with a bill of lading for the adhesive products, or any other shipping documents verifying shipping costs.

23. On April 18, 2017, A73X filed a federal trademark application for the "STIKK" trademark with the U.S. Patent & Trademark Office. A73X's April 18, 2017, federal trademark application for the "STIKK" trademark identifies "Duct tape; Masking tape" as goods intended to be used with the "STIKK" trademark.

24. At least as of May 25, 2017, A73X, through its manager, Alex Livingston, has been contacting Plaintiffs' business associates, potential customers, and potential competitors, claiming to have developed the "STIKK" tape brand, and own the "STIKK" trademark, while offering product development and sourcing services to retailers and resellers of tape products and offering partial or exclusive access to "STIKK" tape products.

## COUNT I.

## DECLARATORY JUDGMENT

### Ownership and/or Infringement of the "STIKK" Trademark

25. Plaintiffs reallege and incorporate by reference all of the foregoing allegations as if fully set forth herein, and additionally allege as follows:

26. There is a real and present controversy between the parties regarding ownership of the "STIKK" trademark.

27. Plaintiffs invented and hold the exclusive ownership interest in the "STIKK" trademark.

28. Plaintiffs were first to use the "STIKK" trademark in commerce, and have therefore developed a protectable trademark right in the "STIKK" trademark.

29. Plaintiffs' "STIKK" trademark is inherently distinct from other trademarks.

30. Subsequent to Plaintiffs' use of the "STIKK" trademark in commerce, A73X filed a federal trademark application for the "STIKK" trademark with the U.S. Patent & Trademark Office.

31. Subsequent to Plaintiffs' use of the "STIKK" trademark in commerce, A73X has represented to third-parties that A73X owns the "STIKK" trademark, and has offered product development and sourcing services to retailers and resellers of tape products as well as partial or exclusive access to "STIKK" tape products.

32. Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Plaintiffs are entitled to a judgment declaring their ownership of the "STIKK" trademark superior to any interest in the "STIKK" trademark claimed by A73X, and/or awarding injunctive relief to prevent A73X's continued wrongful and false infringement and/or use of Plaintiffs' "STIKK" trademark.

## COUNT II.

### TRADEMARK INFRINGEMENT – 15 U.S.C. § 1114 and/or 15 U.S.C. § 1125

33. Plaintiffs reallege and incorporate by reference all of the foregoing allegations as if fully set forth herein, and additionally allege as follows:

34. Plaintiffs invented and hold the exclusive ownership interest in the "STIKK" trademark.

35. Plaintiffs were first to use the "STIKK" trademark in commerce.

36. Plaintiffs have developed a protectable trademark right in the "STIKK" trademark.

37. Plaintiffs' "STIKK" trademark is inherently distinct from other trademarks.

38. A73X has used, or is attempting to use, Plaintiffs' "STIKK" trademark in commerce without Plaintiffs' consent.

39. A73X has used, or is attempting to use, Plaintiffs' "STIKK" trademark in commerce with knowledge of Plaintiffs' protectable trademark right in the "STIKK" trademark, in violation of applicable law.

40. A73X's continued use of Plaintiffs' "STIKK" trademark is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of A73X with Plaintiffs, or the origin, sponsorship, or approval of A73X's goods, services, or commercial activities by Plaintiffs.

41. A73X's continued use of Plaintiffs' "STIKK" trademark has caused, and will continue to cause, irreparable harm and injury to Plaintiffs and to Plaintiffs' business, reputation, and goodwill.

42. The threat of future injury to the general public and to the Plaintiffs' business, identity, goodwill, and reputation necessitates an award of monetary damages and injunctive relief to prevent A73X's continued wrongful and false infringement and/or use of Plaintiffs' "STIKK" trademark.

## COUNT III.
### FALSE ADVERTISING – 15 U.S.C. § 1125

43. Plaintiffs reallege and incorporate by reference all of the foregoing allegations as if fully set forth herein, and additionally allege as follows:

44. Plaintiffs have developed a protectable trademark right in the "STIKK" trademark.

45. Plaintiffs' "STIKK" trademark is inherently distinct from other trademarks.

46. A73X's misuse of Plaintiffs' "STIKK" trademark constitutes a use in commerce of a false designation of origin and/or a misleading representation intended to misrepresent the nature, characteristics, or qualities of A73X's goods, services, or commercial activities.

47. A73X's acts, practices and conduct have caused, and will continue to cause, a likelihood of confusion among Plaintiffs' customers, suppliers, and the general public.

48. As a direct and proximate result of A73X's acts, practices and conduct, Plaintiffs have been, or are likely to be, substantially damaged in their business reputation and goodwill.

49. Plaintiffs are entitled to monetary damages and/or injunctive relief to prevent A73X's continued wrongful and false use of Plaintiffs' "STIKK" trademark.

## COUNT IV.

### UNFAIR COMPETITION – 15 U.S.C. § 1125

50. Plaintiffs reallege and incorporate by reference all of the foregoing allegations as if fully set forth herein, and additionally allege as follows:

51. Plaintiffs have developed a protectable trademark right in the "STIKK" trademark.

52. Plaintiffs' "STIKK" trademark is inherently distinct from other trademarks.

53. A73X's misuse of Plaintiffs' "STIKK" trademark constitutes a use in commerce or a false designation of origin and/or a misleading representation intended to misrepresent the nature, characteristics, qualities of Plaintiffs' goods, services, or commercial activities.

54. A73X's acts, practices and conduct have caused, and will continue to cause, a likelihood of confusion among Plaintiffs' customers, suppliers, and the general public.

55. As a direct and proximate result of A73X's acts, practices and conduct, Plaintiffs have been, or are likely to be, substantially damaged in their business reputation and goodwill.

56. The threat of future injury to the general public and to the Plaintiffs' business, identity, goodwill, and reputation necessitates an award of monetary damages and/or injunctive relief to prevent A73X's continued wrongful and false infringement and/or use of Plaintiffs' "STIKK" trademark.

## COUNT V.

### BREACH OF CONTRACT – TRAI Import Agreement

57. Plaintiffs reallege and incorporate by reference all of the foregoing allegations as if fully set forth herein, and additionally allege as follows:

58. The TRAI Import Agreement constitutes a valid and enforceable contract between TRAI and A73X.

59. Upon information and belief, TRAI overpaid A73X for overseas shipping costs.

60. Upon information and belief, A73X has breached the TRAI Import Agreement by failing to reimburse TRAI for TRAI's overpayment of overseas shipping costs.

61. Upon information and belief, A73X's breach of the TRAI Import Agreement caused damages in an amount to be determined at trial.

62. A73X's breach of the TRAI Import Agreement entitles TRAI to the additional remedy of an accounting of the shipping costs charged TRAI under that Agreement.

## IV. REQUEST FOR ATTORNEY FEES

As a result of the A73X's actions, Plaintiffs have been required to retain counsel to pursue this action and have retained the law firm of Eberle, Berlin, Kading, Turnbow & McKlveen, Chtd., to prosecute this matter. Plaintiffs should be awarded reasonable costs and attorney fees for such prosecution pursuant to 15 U.S.C. § 1117, Federal Rules of Civil Procedure 11 and 54, Idaho Code §§ 12-120(3) and 12-121, and other applicable law.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendant A73X as follows:

1. For an order declaring Plaintiffs' ownership in the "STIKK" trademark superior to any interest in the "STIKK" trademark claimed by A73X, and invalidating A73X's registration of the "STIKK" trademark.

2. For an order awarding Plaintiffs injunctive relief prohibiting A73X, or anyone acting on its behalf, from:

    a. Continued wrongful and false infringement and/or use of Plaintiffs' "STIKK" trademark;

      b.     Soliciting and/or enticing product development and sourcing services to retailers and resellers of tape products in association with the "STIKK" trademark and/or brand.

3.     For an order requiring A73X to provide an accounting of the shipping costs billed to TRAI under the TRAI Import Agreement.

4.     For an order awarding Plaintiffs damages in amounts to be determined at the time of trial, including all actual, incidental, and consequential damages (including treble damages as provided by law), and post-judgment interest thereon as provided by law.

5.     For an order awarding prejudgment interest on the money due to Plaintiffs as provided for by Idaho Code §§ 28-22-104(1) and (2), and other applicable law.

6.     For an order awarding Plaintiffs their costs and attorney fees incurred in investigating and prosecuting this action pursuant to 15 U.S.C. § 1117, Federal Rules of Civil Procedure 11 and 54, Idaho Code §§ 12-120(3) and 12-121, and other applicable law; or $10,000.00 should this matter proceed by default against A73X.

7.     That the Court award to Plaintiffs such other and additional relief as the Court deems just and appropriate under the circumstances.

DATED this 6th day of July, 2017.

                        EBERLE, BERLIN, KADING, TURNBOW
                            & McKLVEEN, CHARTERED

                        By   */s/ Bradley D. VandenDries*
                            Bradley D. VandenDries, of the Firm
                            Attorneys for Plaintiffs